IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 10-103 |
| v. | ) | CV 15-1044 |
| TODD SUMMERS | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, on January 11, 2013, a jury convicted Defendant of one count of conspiracy in violation of 21 U.S.C. § 856. After a post-trial psychiatric evaluation found him competent, Defendant was sentenced to a term of 132 months, followed by a term of supervised release. The Court of Appeals affirmed his conviction. His sentence was later reduced pursuant to 18 U.S.C. § 3582(c). Before the Court is Defendant's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, on grounds that counsel was ineffective for failing to pursue a psychiatric evaluation prior to trial.[1] For the following reasons, the Defendant's Motion will be denied, and no certificate of appealability shall issue.

### OPINION

I. **APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files,

---

[1] This matter was reassigned to me on February 23, 2016; Judge Cercone presided over earlier proceedings.

and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

**II.     DEFENDANT'S MOTION**

Defendant contends that counsel knew that he was under treatment for psychiatric issues and drug dependency, and that there is a reasonable probability that he would have been found incompetent to stand trial had the issue been timely raised. Although counsel sought a psychiatric evaluation following trial, Defendant argues that counsel should have done so prior to trial.[2]

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). The inquiry rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Strickland, 466 U.S. at 844.

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the

---

[2] Incongruously, he also suggests that had counsel pursued competency issues earlier, he would have accepted a plea agreement, rather than proceeding to trial. Because the nature and import of this argument is unclear, I do not separately address his contention.

2

deficient conduct prejudiced defendant.  Strickland, 466 U.S. at 687.  Failure to meet either prong of the analysis is fatal to a claim of ineffective assistance.  Cherys v. United States, 552 Fed. Appx. 162, 168 (3d Cir. 2014).  Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct.  Strickland, 466 U.S. at 689.

Our Court of Appeals has "endorsed the practical suggestion in Strickland [that a Court may] consider the prejudice prong before examining the performance of counsel prong …." United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).   Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different.  Strickland, 466 U.S. at 695; see also Gray, 878 F.2d at 709-13.

In this case, Defendant cannot meet either prong of Strickland.  After the trial, on January 28, 2013, defense counsel filed a motion for psychiatric evaluation.[3]   The evaluation itself is sealed, but upon April 29, 2013 examination, the examining forensic psychiatrist found Defendant mentally competent.  Specifically, he found that "the defendant has the ability to understand the nature and consequences of the sentencing proceedings and can properly assist you in his defense…."  In so doing, he considered Defendant's medical and personal histories, as well as Defendant's behavior during this trial proceeding.  He further noted the lack of historical treatment for psychiatric disorders beyond those relating to substance abuse.  The examining psychiatrist diagnosed Defendant only with substance dependence disorders in sustained full remission, and attributed his behavior during trial to personality rather than a psychiatric disorder.  Defendant has not alleged any facts to suggest that his mental condition immediately

---

[3] It is clear, from the contents of the motion, that it was sparked by events occurring during discussions of a renewed plea offer and evidence received during the trial.  Further, counsel apprised the Court of concerns regarding Defendant's mental condition on January 9, 2013, the day after difficulties arose in connection with the plea discussions.  Trial had begun on January 8, 2013, the preceding day.  Although Defendant's claim fails at the prejudice inquiry, these facts strongly suggest that counsel's performance was not constitutionally deficient under the first prong of Strickland.

3

prior to or during trial differed, in any way or for any reason, from that presented to and found by the evaluating psychiatrist. Moreover, Defendant's cursory averments regarding his history of drug and alcohol abuse do not so suggest. Thus, he has not shown a reasonable probability that, had counsel or the Court pursued a competency evaluation before trial, the outcome would have been different – i.e., that he would have been found incompetent to stand trial. In sum, Defendant has not met the first prong of <u>Strickland</u>, and his Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Here, Defendant has not made such a showing, and no certificate of appealability shall issue.

### CONCLUSION

In sum, Defendant has not demonstrated that counsel's alleged errors, even if deficient, caused him prejudice under applicable standards. His Motion will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 10th day of March, 2016, Defendant's Motion to Vacate is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court